SARTAIN, Judge.
This action in tort seeks damages for personal injuries sustained by Charles Dorsey and committed upon him by the defendant, Frank Couteau, Jr. From an adverse judgment of the 23rd Judicial District Court, Parish of Assumption, the plaintiff has appealed.
On March 1, 1970, the plaintiff was shot by the defendant while being ejected from Couteau’s Bar in Napoleonville, Louisiana, which shooting precipitated this litigation. More particularly, the evidence shows that on that day, at approximately 3 :00 o’clock p. m., Dorsey entered the defendant’s barroom, a place which he patronized with some degree of frequency. Soon, he began occupying a table with several other men, and in the course of the hours that followed he and his acquaintances consumed whiskey and beer in quantity. The defendant had employed a band for the entertainment of his customers and it appears that it was playing that afternoon to what was considered to be a good crowd of some thirty to fifty people.
At approximately 6:30 o’clock p. m., the plaintiff, by his own admission, threw two glass bottles in the direction of a female patron, Mrs. Millie Jones Bush, who was standing at the bar. Although this was done only in an effort to attract her attention, it appears that one of those thrown hit her on the feet. The plaintiff was described at that time to be in a “woozy” condition, but not totally drunk. Mrs. Bush approached Dorsey’s table to have words with him concerning his actions.
At the same time, Couteau, who had been preparing food in an annex to his bar and who had been informed by another customer of Dorsey’s behavior,' went to the bar, put a .38 caliber pistol in his pocket, stopped the band, and approached Dorsey’s table to require that he leave. Words were exchanged by the parties hereto and it appears that Dorsey either decided reluctantly to leave or was physically forced by a companion, Gilbert Jones, or Couteau, or both, toward the door. At this point, the testimony becomes irreconcilably conflicting.
As the plaintiff reached the front swinging doors, it is unclear whether he went through them under his own power or that of Jones with the shoving of Couteau, or whether Couteau hit him, as claimed by Dorsey, on the back of his head with the butt of the pistol, flooring him on the porch outside. In either case, he went through the front doors and, seconds later, was shot once in the abdomen by Couteau, from which he sustained serious injuries.
The plaintiff here seeks recovery for this alleged unprovoked attack upon his person. The defendant claims, however, that he shot in self defense only, as the plaintiff attacked him. and cut him with a knife, thus necessitating the defensive action that he took. Critical, therefore, to a determination of this case are the actions *802 of the plaintiff in the moments immediately preceding the shooting.
The appellant contends that as he fell through the doors after having been struck on the back of the head by the plaintiff with the gun butt, that he tried to get back to his feet and that, without further provocation, Couteau shot him without reason. The defendant contends, however, that Dorsey came back through the swinging doors into the bar with a knife in his hand and that he (Couteau) raised his hands to defend himself, that Dorsey slashed him with a knife, and that he then pulled his gun and shot Dorsey in defense of his life.
The trial judge, without rendering written reasons, found for the defendant and dismissed the plaintiff’s suit. We affirm that judgment.
The witnesses for the opposing parties in this action give versions of this altercation which conflict in many vital respects. We find, however, upon review of this testimony, that the trial judge committed no manifest error in his ruling, lacking which, that judgment will not be disturbed.
It was established that Mr. Couteau had operated his place of business in Napoleon-ville for several years prior to this incident and that he had no history of violations of the law. He had obtained a permit to carry the weapon and he stated that he did so not only to protect his cash on hand, but also because persons frequented his bar who also carried pistols and other dangerous weapons. We note also that the defendant was clearly sober at the time of this incident. The defendant further testified, without contradictions, that Dorsey had previously been involved in an altercation in his establishment and at that time Dorsey had also displayed, but not used, a knife.
Dorsey had been drinking in quantity for several hours on that afternoon. He was obviously not in control of his senses, as evidenced by such irrational conduct as throwing glass bottles around a crowded barroom. The record also indicates that he grabbed a water bottle for some purpose as Mrs. Bush approached his table, but that he was restrained from making any use of it by his friend, Gilbert Jones. According to the testimony of Millie Bush, that event happened at the same time Couteau was also approaching the table to eject Dorsey.
Sam Truehill, the band leader of the group playing that afternoon, from about ten feet away, saw Dorsey, in the critical moments of this encounter, swinging at Couteau as the defendant pushed him through the front doors. He stated that Dorsey came back in almost as fast as he went out, but that he re-entered with a knife in his hand, which he was swinging at the defendant. Murray Chase and Oneal Singleton, while not having actually seen the knife used by the plaintiff, saw Couteau bleeding from the hand immediately after the incident concluded. Dr. Nelson A. Cox, a local physician, related that he treated the defendant later that day for what appeared to be a laceration of the hand caused by a sharp instrument.
The testimony of the witnesses offered by the plaintiff has not gone unnoticed by this court. They have stated, in essence, that the plaintiff did not have a knife in his hand or on his person and that he did not attack the defendant or, in any way, provoke the harsh actions of the appellee. Rather, they state that the plaintiff was knocked to the sidewalk outside the doors and that the defendant shot him as he tried to rise and that he was only about halfway back up when the unprovoked shot was fired.
The trial judge heard all this testimony and is, of course, the best judge of the veracity and credibility of the witnesses. He rejected the plaintiff’s account of this unfortunate incident. Undoubtedly bearing upon that decision was the fact that the plaintiff and his witnesses had been drinking for several hours prior to this incident which probably impaired their ability to accurately be aware of all they *803 saw. We think the evidence preponderates in Couteau’s favor and that the conflict in testimony before the district judge was rightly resolved.
We have considered the fact that there was a great disparity in the sizes of these two men, Couteau outweighing the plaintiff by some hundred pounds or more, and we are also aware of the jurisprudence called to our attention by the appellants concerning the burden placed upon one committing a battery to exonerate himself from liability by proof which would justify his actions. These arguments fall, however, in view of our finding that the defendant was attacked, and indeed sustained injury, before resorting to the use of the pistol in his defense against an intoxicated, knife-wielding assailant. The judgment is, therefore, affirmed. The appellant is to pay all costs of this appeal.
Affirmed.